IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–1352–EWN–PAC

ORLANDO CORTEZ CLARK n/k/a Tukufu Malik Mtawa,

    Applicant,

v.

Warden: RICK SOARES, Arkansas Valley Correctional Fac., and
The Attorney General of the State of Colorado, KEN SALAZAR,

    Respondents.

---

**ORDER CONCERNING MAGISTRATE JUDGE'S RECOMMENDATION**

---

    This matter is before the court on the "Recommendation of United States Magistrate Judge" filed May 25, 2004. The recommendation is that Applicant's habeas corpus action be dismissed. Specifically, the magistrate judge suggests that (1) the fourth claim (the due process claim based on alleged inadequacy of state court post-conviction procedures) does not state a claim cognizable in a habeas corpus action and (2) the case was filed outside the applicable statute of limitations. Applicant has objected to both aspects of the recommendation.

    The magistrate judge correctly states that there is no federal constitutional provision which requires any state to provide a system of post-conviction review in its courts. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Thus, "because the constitutional error [Applicant] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim. *Sellers v. Ward*, 135 F.3d 1333,

1339 (10th Cir. 1998). Given this clear authority, the court is not persuaded by Applicant's objection pointing out that the State of Colorado has provided a *statutory* right to counsel in certain post-conviction proceedings and that Colorado courts have, as a matter of state law, adopted the standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), to evaluate such counsel's performance. Nowhere in this line of authority is there a basis for a *federal constitutional* claim.

The court is also not persuaded by Applicant's reliance on the older cases of *Kelly v. Crouse*, 352 F.2d 506 (10th Cir. 1965) and *Smith v. Kansas*, 356 F.2d 654, 656 (10th Cir. 1966). Those cases were decided before the Supreme Court's decision in *Finley*. They also appear to be distinguishable in that they presented the narrow question of whether delay or inaction in pursuing a post-conviction remedy justified federal court intervention.

Applicant also objects to the magistrate judge's suggestion that his claim is time-barred by 28 U.S.C. § 2244(d)(1) (2005). The focus of his objection is the magistrate judge's conclusion that nothing in his circumstances warrants application of the doctrine of equitable tolling. Specifically, Applicant argues that an otherwise-untimely appeal which he filed with the Colorado Court of Appeals on March 27, 2001 should be treated as timely, for purposes of applying the tolling provision located in 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") According to Applicant, this court should apply the doctrine of equitable tolling and treat the appeal as timely because it was the attorneys appointed to represent him in his post-conviction proceedings who failed to file a timely notice of appeal, an omission which Applicant

claims to have corrected within a month of discovering it.

This court agrees with Applicant that the doctrine of equitable tolling applies to the one-year limitations period found in 28 U.S.C. § 2244(d)(1).  *See Cordle v. Guarino*, 428 F.3d 46 (1st Cir. 2005); *Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004), *cert. denied*, 126 S.Ct. 489 (2005); *Lacava v. Kyler*, 398 F.3d 271 (3d Cir. 2005); *Modrowski v. Mote,* 322 F.3d 965 (7th Cir. 2003); *Shoemate v. Norris*, 390 F.3d 595 (8th Cir. 2004).  *See also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (stating, in *dicta*, that the one year limitation "may be subject to equitable tolling.")  The problem for Applicant, however, is that the doctrine of equitable tolling is consistently applied narrowly and does not sufficiently assist him here.   As the Third Circuit said in *Lacava*:

> We have cautioned, however, that courts should be sparing in their use of this doctrine [citation omitted], applying equitable tolling "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."  [Citation omitted.]  Equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair," [citation omitted], such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims. [Citation omitted.]  Mere excusable neglect is not sufficient. [Citations omitted.]

398 F.3d at 275–76.  Thus, Applicant must allege and prove (1) extraordinary circumstances and (2) the exercise of reasonable diligence on his part during the period when he claims the doctrine is applicable.

Here, Applicant's claim to the benefits of equitable tolling founders because he cannot show that there are extraordinary circumstances which warrant application of the doctrine.  The state trial court's decision denying Applicant's first petition for post-conviction review was filed

-3-

October 31, 2000. Thus, as the Colorado Court of Appeals held, the notice of appeal from this order should have been filed within forty-five days, December 17, 2000. *See* Colo. App. R. 4(b)(1). Upon a showing of excusable neglect, this period could have been extended for an additional thirty days. Significantly, as the Colorado Court of Appeals also held in deciding Applicant's appeal, the filing of a motion to reconsider an order denying a motion under Colo. R. Crim. P. 35 (Colorado's post-conviction remedy) does not operate to extend the time for filing the notice of appeal from the order. *People v. Retallack*, 804 P.2d 279 (Colo. Ct. App. 1990).

Unfortunately for Applicant, his counsel in the post-conviction proceedings advised:

> [W]e feel it would be best to file a Motion to Reconsider in the District Court before filing a Notice of Appeal before the Court of Appeals. That way, we can still file the Notice of Appeal if the District Court continues to refuse you relief. If that happens, we will file the Notice of Appeal.

It is fair to infer that Applicant and his attorneys took this path, evidently unaware of *Retallack*. According to the Colorado Court of Appeals, the trial court notified Applicant "[i]n February 2001," that his motion to reconsider was denied. Applicant thereafter filed his own notice of appeal on March 27, 2001. The Colorado Court of Appeals held that it was untimely by over ninety days.

Contrary to Applicant's argument, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Lacava*, 398 F.3d at 276. *See also Modrowski*, 322 F.3d at 968 (collecting cases). The court is aware that there may be extreme and rare cases where an attorney's behavior is so outrageous as to justify equitable tolling, *e.g. Baldayaque v. United States,* 338 F.3d 145 (2d Cir. 2003), but such cases are distinguishable from Applicant's. The apparent error on the part of

Applicant's post-conviction counsel simply does not rise to the required level, and there is no basis for the application for the doctrine of equitable tolling. It follows that Applicant filing in this court was not timely. Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2. The case is DISMISSED with prejudice.

3. All other pending motions are DENIED as moot.

DATED this 29th day of November, 2005.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge